UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM G. SCHISLER, SR.,

                                Plaintiff,

-v-                                                    6:17-CV-312
                                                                       (GTS/ATB)

CITY OF ROME, et al., Past
Management and Present,

                                Defendants.

---

WILLIAM G. SCHISLER, SR, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with a motion to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, William G. Schisler, Sr. (Dkt. Nos. 1, 2).

## I.    IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether

the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

II.   **Complaint**

Although plaintiff's complaint is unclear, he appears to suing the City of Rome, the present Mayor of Rome, Jackie Izzo, the former Mayor of Rome, Joseph Fusco, Jr., and the President of the Common Council in Rome. Plaintiff starts his complaint by

stating that "this case" has been "going on for the last four years." (Complaint ("Compl.") ¶ 4) (Dkt. No. 1). He then states that "you" want dates, names, and proof, and plaintiff has provided dates, names, and proof. (*Id.*) Plaintiff then begins discussing problems that he had with the City of Rome pertaining to his former home, at 105 Fourth St. in Rome, New York ("105 Fourth St."), which is the subject of another law suit that he has pending in this district. *Schisler v. Dominico*, 6:15-CV-734 (TJM/ATB).

Plaintiff appears to be reiterating many of the issues that are involved in the other action that he has pending in this court. In fact, as "Exhibits" to the current action, plaintiff has attached a photograph of 105 Fourth St. and a letter that an attorney wrote to plaintiff's neighbors (former defendants in 15-CV-734), asking them to stop harassing the Schislers.[1] *Schisler v. Dominico* is still pending, and the only remaining issue involves the refusal of defendants in that action to allow the Schislers to build a driveway next to their former home.

In this complaint, plaintiff alleges that when Mrs. Schisler, then Ms. Dow, called to have the water shut off in 105 Fourth St., she was told that only Mr. Schisler could request this action, because only he was the owner of the home. (Compl. ¶ 4 at CM/ECF p.3). Mr. Schisler states that this was not true, and that either one of them could have requested that the water be turned off. (*Id.*) Plaintiff then states that the power was still "on," and that he and Mrs. Schisler were both in Utica and in Rome,

---

[1] When Mr. Schisler filed 15-CV-734, he filed the case with a co-plaintiff, Annette Dow, who is now Annette Schisler.

and that they were in litigation with M & T Bank[2] over the house and "paying for a dump" that they had to "again move out of and into a new one." (*Id.* at 4). Plaintiff states that they had to move "due to mold, mildew and roaches due to landlord failing to keep up his responsibilities." (*Id.*)

Plaintiff states that because of the second "move," "they" have lost everything twice, and this has been financially draining on two disabled parents and one disabled child. This statement appears unrelated to the present issues. Mr. Schisler may be trying to say that he and his family have had a difficult time since they left 105 Fourth St. because they have had to move again, and plaintiff views this as "losing everything twice." However, the deficiencies allegedly caused by the Schislers' "landlord" have nothing to do with any of the current municipal defendants, and plaintiff cannot bootstrap what he views as additional damages, caused by a private person, into a civil rights complaint.

Mr. Schisler then states that "[i]f you sit down with us and heard our side of this whole mess you could understand our frustration!!" (*Id.*) Plaintiff's "First Cause of Action" is "Negligence in assisting in protecting a handicap individuals [sic] property and home." (*Id.* at 5). The "Second Cause of Action" is "intentional infliction of emotional distress and mental anguish of a hearing impaired, handicapped individuals [sic]." (*Id.*) Plaintiff has asked for $20.5 million dollars.

---

[2] Plaintiff has an action against M & T Bank and other defendants pending in the Northern District of New York. *Schisler v. M & T Bank*, No. 6:16-CV-514 (DNH/TWD) (report-recommending dismissal pending). However, that action was filed in May of 2016 and refers to a foreclosure action. It is unclear if plaintiff is referring to another action involving M& T Bank, but this complaint cites 2014 as the year in which plaintiff had litigation over a house. Any litigation with M & T Bank is irrelevant to this court decision herein.

**III.    Personal Involvement/Municipal Liability**

    **A.    Legal Standards**

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). It is also well-settled that in order to establish liability of a municipality pursuant to 42 U.S.C. § 1983 for violation of civil or constitutional rights, a plaintiff must allege that the municipality "has adopted a 'custom' or 'policy' which is the 'moving force' behind [the violation]." *Zappala v. Albicelli*, 980 F. Supp. 635, 639 (N.D.N.Y. 1997) (citing *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 689 (1978)) (other citations omitted).

    **B.    Application**

        **1.    Individuals**

Plaintiff's complaint is a rambling description of reasons why he and his family are frustrated with the City of Rome, the "loss" of 105 Fourth St., and apparently with the fact that their "case" is not moving fast enough. The court must point out that plaintiff and his family moved out of 105 Fourth St. in June of 2014, prior to the filing of 15-CV-734, and Mr. Schisler's current complaint does not mention any of the current defendants in the body of the complaint. There is absolutely no indication that any of the current individual defendants had any involvement in refusing to turn the water off in July of 2014, the only specific incident that appears to be the subject of plaintiff's rambling complaint.

It is unclear how the current common council president or the current mayor

would have had any involvement in anything that plaintiff alleges in this complaint. Former Mayor of Rome, Joseph Fusco, was dismissed as a defendant in 15-CV-734, even when plaintiff attempted to make some specific claims against him regarding the "loss" of 105 Fourth St. (Dkt. No. 12 in 15-CV-734 at 11-12). The action was dismissed with prejudice against Mayor Fusco after plaintiff was given an opportunity to amend his complaint and had failed to do so. In the current complaint, Mr. Schisler has failed to even mention former Mayor Fusco in the body of the complaint. Not even the most liberal reading of this complaint would state any constitutional claims against any of the individual defendants.[3] Thus, plaintiff may not sue the current mayor, Jackie Izzo, the former mayor, Joseph Fusco, Jr., or the Rome Common Council President, Stephanie Viscelli.

    **2.**    **City of Rome**

In the complaint, plaintiff describes one incident, which occurred in July of 2014, after his family moved out of 105 Fourth St. Plaintiff alleges that on July 3, 2014, his wife called to ask for the water to 105 Fourth St. to be shut off, but was told by an unidentified individual, that she could not have the water shut off because she did not own the house. However, plaintiff states that he and then-Ms. Dow, owned the house together, and that she did have the authority to request this action. Plaintiff does not allege that there were any adverse consequences to this action.

In any event, plaintiff is not challenging a "policy," he is stating that an

---

[3] The court has interpreted the plaintiff's claims to raise the strongest arguments that they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

unidentified city employee was incorrect in determining that plaintiff's wife was not authorized to have the water to 105 Fourth St. shut off.[4] Then plaintiff discusses the "power," but only states that the power was "on." (Compl. at 3-4). There is no basis in this complaint to establish municipal liability, and the complaint may be dismissed as against the City of Rome.

### III. "Causes of Action"

#### A. Negligence

Plaintiff's first cause of action is for "Negligence in assisting in protecting a handicap [sic] individuals [sic] property and home." Plaintiff's frustration with the way he was "negligently" treated by the City of Rome or its unidentified employees may not be the subject of a section 1983 action regardless of the official who plaintiff names. *D. v. City of New York*, No. 14 Civ. 7131, 2016 WL 4734592, at *4 (S.D.N.Y. Aug. 22, 2016) (citing inter alia *City of Sacremento v. Lewis*, 523 U.S. 833, 849 (1988) (liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process)). In any event, a careful reading of the complaint shows that plaintiff never alleges any damage to 105 Fourth St. which occurred as the result of "negligent" behavior by any defendant. The court can only assume that plaintiff is trying to say that

---

[4] The court notes that plaintiff states that his wife called about the water on July 3, 2014, and then states that either one of them could have asked to shut the water off, but then states: "with them failing to shut water off during the very cold winter when we could not get there to Rome and check on our belonging [sic] or home." (Compl. at 3). Clearly, July is several months prior to the "winter," and plaintiff makes no connection between his wife's telephone call and any damages that may have occurred during the "winter" because the water was not turned off in July. Nor does he indicate why he did not call the City to have them shut the water off between July and the "winter." In fact, plaintiff never mentions what, if any, damage to their property the family sustained due to the unnamed individual's actions. Clearly, even assuming that there was some damage, it was not due to an alleged "policy" of the City of Rome.

7

defendants were "negligent" - in failing to help in "protecting" plaintiff's property. Plaintiff does not claim any damage to his property as the result of any defendant's actions, and if he is still referring to the alleged "loss" of 105 Fourth St., that is the subject of 15-CV-734.  Thus, plaintiff's attempt at stating a a cause of action for negligence fails, and plaintiff's first cause of action must be dismissed.

### B. Intentional Infliction of Emotional Distress

There is no recognized claim for intentional infliction of emotional distress under section 1983. *Watson v. Doe*, No. 1:15-CV-1356, 2016 WL 347339, at *32 (N.D.N.Y. Jan. 28, 2016).  Intentional infliction of emotional distress is a state law claim that could only be brought in federal court if the court exercised supplemental jurisdiction, which is available if there is an underlying federal or constitutional claim to which the state claim is "supplemental." *See Matican v. City of New York*, 524 F.3d 151, 154–55 (2d Cir. 2008) ("if Matican has no valid claim under § 1983 against any defendant, it is within the district court's discretion to decline to exercise supplemental jurisdiction over the pendent state-law claims").

Because plaintiff in this case has not stated a constitutional claim, there is no reason to exercise supplemental jurisdiction over a vague claim of emotional distress, which may be referring to actions that are the subject of another law suit.  As stated above, plaintiff is already suing the City of Rome and individuals in their official capacity in 15-CV-734 for incidents relating to the "loss" of 105 Fourth St., due to the alleged failure of the defendants in 15-CV-734 to allow plaintiff and his wife to obtain

a permit to build a driveway so that he and his family could better access the home.[5]

This complaint also refers to incidents that relate to 105 Fourth St. The only incident to which plaintiff refers in this complaint relates to his wife calling the City of Rome to request the water to be shut off. An employee's refusal to shut off water based on a perceived lack of the caller's authority, cannot be the subject of a claim of intentional infliction of emotional distress by this plaintiff. Plaintiff's frustration and vague complaints about other incidents that may have also caused him stress are not the subject of a section 1983 action. Conclusory allegations are insufficient to state a claim under section 1983. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). Thus, this case may be dismissed for failure to state a claim.[6]

## III. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that

---

[5] The court notes that 15-CV-734 is proceeding based on the claim that plaintiffs were discriminated against based on their disability under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., not based on section 1983 jurisdiction. (Dkt. No. 20 in 15-CV-734, *recon. denied*, Dkt. No. 26, *appeal dismissed*, Dkt. No. 31 (2d Cir. July 18, 2016)).

[6] Plaintiff is apparently frustrated with the legal system. However, this court notes that some of the delay that plaintiff is experiencing in 15-CV-734 is due to the efforts made to find a defendant that plaintiff did not properly identify, an "interlocutory appeal" to the Second Circuit in April of 2016 that was dismissed by that court, and now another interlocutory appeal to the Second Circuit of a text order that I issued on February 17, 2017. (Dkt. Nos. 61-63 in 15-CV-734).

better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

This court does not find that plaintiff could amend his complaint in any way to allege a constitutional claim based on the facts that he has stated in this complaint against the current defendants who he has named.[7] To the extent that plaintiff seeks to sue defendant Fusco over 105 Fourth St., plaintiff has already had an opportunity to amend to state a claim against the former mayor and failed to do so in 15-CV-734. (*See* Dkt. No. 12 in 15-CV-734 at 12-13, *adopted* Dkt. No. 14). Thus, the court should not afford plaintiff another opportunity to do so. Thus, I will recommend dismissal of the entire complaint without opportunity to amend.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for IFP (Dkt. No. 2) be **GRANTED FOR PURPOSES OF FILING ONLY**. and it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[7] Plaintiff and his wife have filed multiple actions in the Northern District of New York, most of which have been dismissed. *Schisler v. Rizio*, No. 6:14-CV-793 (GTS/TWD), dismissed Oct. 16, 2014; *Schisler v. Fusco*, No. 6:14-CV-794 (GTS/TWD), dismissed Dec. 16, 2014; *Schisler v. Rizio*, No. 15-CV-1122 (TJM/ATB), dismissed May 23, 2016; *Schisler & Dow v. M & T Bank*, No. 6:16-CV-514 (DNH/TWD) (dismissal recommended on May 24, 2016) (objections filed - currently open); *Schisler v. Thomas*, No. 6:16-CV-1051 (GLS/ATB), dismissed Nov. 19, 2016; *Schisler v. Utica Police Dep't*, No. 6:16-CV-1051 (dismissal with prejudice recommended on Sept. 9, 2016) (objections filed - currently open); *Schisler v. James Cars of Rome*, No. 6:16-CV-1382 (GTS/TWD) (dismissed Dec. 22, 2016).

**ORDERED**, that the Clerk serve a copy of this Order on the pro se plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 22, 2017

*[signature]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge